*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-282

MAY TERM, 2012

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Windham Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Arthur C. Bigelow | } DOCKET NO. 525-5-10 Wmcr |

Trial Judge: David Suntag

In the above-entitled cause, the Clerk will enter:

Defendant appeals his conviction for violating a relief-from-abuse order, arguing that that the trial court abused its discretion by allowing evidence of prior bad acts.  We affirm.

Defendant was charged with violating an existing relief-from-abuse order that prohibited him from placing himself within 300 feet of his wife and children.  The charge was based on him watching his son's baseball game from a distance that violated the order.  There was no dispute that an active relief-from-abuse order was in place at the time and that defendant was aware of the restrictions in the order.  Following a two-day trial, the jury convicted defendant of the charge.

On appeal, defendant argues that the trial court abused its discretion by allowing his wife to retake the stand to testify about two incidents in which he abused her, one of which formed the basis for the relief-from-abuse order that was the subject of this case.  Defendant argues that the only issue at trial was whether he violated the order, and thus his wife's highly prejudicial testimony concerning the incidents of abuse was irrelevant.

The trial court stated in detail on the record why it was allowing defendant's wife to testify about the abusive incidents.  The court noted that throughout the trial, beginning with defense counsel's opening statement to the jury, defendant presented a defense suggesting that his wife had been improperly motivated regarding the incident in question.  According to the court, the defense presented testimony suggesting that defendant's wife acted out of pettiness and spite rather than any need to protect herself or her children.  During trial, the court warned defense counsel about this approach, at one point stating that the "hinges on that door are beginning to squeak"—a reference to defendant opening the door to rebuttal testimony concerning his character.  Despite that warning, defendant later provided a non-responsive answer during direct examination in which he questioned the basis for the relief-from-abuse order and declared, "I wasn't there to hurt anybody.  I'm a peaceful person."  That declaration resulted in the State requesting that defendant's wife be allowed to retake the stand to rebut defendant's self-assessment of his character and the picture that the defense had painted of the incident that led to the charge.  The trial court stated that, because of the potential prejudice to defendant, it probably would not have allowed defendant's wife to testify about past incidents of

abuse despite suggestions of her improper motive for bringing her complaint.  But, according to the court, when defendant persisted with this theme to the point of questioning the reasonableness of the order and declaring that he was a peaceful man, there was little choice but to allow defendant's wife to impeach his testimony as to his peaceful nature by recounting prior incidents of abuse that ultimately led to the relief-from-abuse order.

Upon review of the record, the trial court's exercise of discretion in allowing the State to present the testimony of defendant's wife concerning his prior abuse can be sustained.  See State v. Longley, 2007 VT 101, ¶ 15, 182 Vt. 452 ("Trial courts have broad discretion to admit evidence of a defendant's prior bad acts, and we will reverse such a decision only when we find an abuse of discretion resulting in prejudice.").  The record fully supports the court's characterization of the defense in general and defendant's testimony specifically.  Given the circumstances, the court acted within its discretion in allowing testimony from defendant's wife to counter the defense's suggestion that she acted out of spite against a peaceful man who posed no threat to her or her children.  See State v. Malshcuk, 2004 VT 54, ¶ 14, 177 Vt. 475 (mem.) ("[W]here defense counsel seeks to impeach a witness's credibility by painting an incomplete picture of unwarranted bias, the State may complete the picture with appropriate detail.") (quotations omitted); see also Longley, 2007 VT 101, ¶¶ 16-17 (noting that V.R.E. 404(b)'s list of legitimate evidentiary purposes for allowing prior bad act evidence is not exhaustive and that State may introduce such evidence for other probative reasons, including to show "context" in certain circumstances).  Although testimony concerning the basis for the relief-from-abuse order was not relevant as to whether defendant violated the order, that testimony became relevant so that the State could respond to testimony questioning not only wife's motivations for bringing the complaint but also the necessity of the underlying order itself in light of defendant's alleged peaceful nature.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

2